SHEPPARD MULLIN RICHTER & HAMPTON, LLP
NEIL A. SMITH (SBN 63777)
NATHANIEL BRUNO (SBN 228118)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile:  (415) 434-3947
Email: nsmith@sheppardmullin.com
Email: nbruno@sheppardmullin.com

Attorneys for Defendants
Apex Stores, LLC; Apex, LLC; Apex At Home, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| 24 Hour Fitness USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apex Stores, LLC; Apex, LLC; Apex at Home, LLC, <br><br> Defendants. | Case No.  4:08-cv-01681-SBA <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON THE LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION** <br><br> [Fed. R. Civ. P. 12(b)(1) and 12(b)(2)] <br><br> HEARING: SEPTEMBER 9, 2008, 1:00 PM <br><br> COURTROOM: 3 |

The Court, having read and considered the Motion to Dismiss Plaintiff 24 Hour Fitness' First Amended Complaint filed by Defendants Apex Stores, LLC, Apex, LLC, and Apex At Home, LLC, including all papers and arguments submitted in connection therewith, hereby **ORDERS** as follows:

1. **IT IS HEREBY ORDERED THAT** Defendants' Apex Stores, LLC's, Apex, LLC's, and Apex At Home, LLC's Motion to Dismiss 24 Hour Fitness' First Amended Complaint based on lack of subject matter jurisdiction is **GRANTED**.  Plaintiff 24 Hour Fitness has failed to meet its burden of proving that an actual "case or controversy" existed at the time it filed its Original Complaint in this action.  *See e.g. Neilmed Products, Inc. v. Med-Systems, Inc.*, 472 F.Supp.2d 1178, 1179-1180 (N.D. Cal. 2007) (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)); *Bridgelux, Inc. v. Cree, Inc.*, 2007 WL 2022024, at *5 (N.D. Cal. July 9, 2007) (citing *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (2007) which in turn quotes *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007)); *Hideki Electronics, Inc. v. LaCrosse Technology, Ltd.*, 2006 WL 1643534, at *3 (D. Or. Jun. 5, 2006) (quoting *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas,* 90 F.3d 479, 483 (Fed. Cir. 1996)); *Shoom, Inc. v. Electronic Imaging Systems of America, Inc.*, 2006 WL 1529983, at *6 (N.D. Cal. Jun. 1, 2006).  Therefore, the Court must, and hereby does, dismiss Plaintiff 24 Hour Fitness' First Amended Complaint as against all Defendants Apex Stores, LLC, Apex, LLC, and Apex At Home, LLC pursuant to Fed. R. Civ. P. 12(b)(1).

2. **IT IS HEREBY FURTHER ORDERED THAT** Defendant Apex Stores, LLC's Motion to Dismiss Plaintiff 24 Hour Fitness' First Amended Complaint based on lack of subject matter jurisdiction is further **GRANTED** on separate and additional grounds independent of those set forth above in Paragraph 1 of this Order.  Defendant Apex Stores, LLC no longer owns the marks at issue in the declaratory judgment action that is 24 Hour Fitness' First Amended Complaint, and therefore, Defendant Apex Stores, LLC does not have a legally cognizable

interest in the outcome of this action that could give rise to a live controversy against it. *See e.g. Allard v. DeLorean,* 884 F.2d 464, 466 (9th Cir. 1989); *Gladwell Governmental Services, Inc. v. County of Marin*, 2005 WL 2656964, at *1, 3 (N.D. Cal. Oct. 17, 2005). Therefore, the Court must, and hereby does, further and additionally dismiss Plaintiff 24 Hour Fitness' First Amended Complaint as against Defendant Apex Stores, LLC pursuant to Fed. R. Civ. P. 12(b)(1).

3. **IT IS HEREBY FURTHER ORDERED THAT** Defendants' Apex Stores, LLC's, Apex, LLC's, and Apex At Home, LLC's Motion to Dismiss Plaintiff 24 Hour Fitness' First Amended Complaint is further **GRANTED**, because even if an actual case or controversy could be said to have existed when Plaintiff filed its Original Complaint, which it did not, in the interests of equity the Court should, and hereby does, dismiss the declaratory judgment action that is Plaintiff 24 Hour Fitness' First Amended Complaint in its entirety as against all Defendants Apex Stores, LLC, Apex, LLC, and Apex At Home, LLC, because Plaintiff 24 Hour Fitness filed this anticipatory suit in bad faith for the sole purpose of forum shopping. *See e.g. Freecyclesunnyvale v. Freecycle Network, Inc.*, No. C 06-00324 CW, 2006 WL 870688, at *5 (N.D. Cal. Apr. 4, 2006) (citing *Principal Life Insurance Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371-73 (9th Cir. 1991)). Therefore, the Court hereby further and additionally dismisses Plaintiff 24 Hour Fitness' First Amended Complaint as against all Defendants Apex Stores, LLC, Apex, LLC, and Apex At Home, LLC, pursuant to Fed. R. Civ. P. 12(b)(1).

4. **IT IS HEREBY FURTHER ORDERED THAT** Defendants' Apex Stores, LLC's and Apex, LLC's Motion to Dismiss Plaintiff 24 Hour Fitness' First Amended Complaint is further **GRANTED** based on the further and additional grounds of a lack of personal jurisdiction over them. This ground for dismissal is independent of the grounds for dismissal set forth above in Paragraphs 1, 2, and 3 of this Order. Plaintiff 24 Hour Fitness has failed to meet its burden of demonstrating that Defendants Apex Stores, LLC and Apex, LLC have the minimum

contacts necessary for the Court to exercise personal jurisdiction over them. *See e.g. International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Cubbage v. Merchant*, 744 F.2d 665, 668 (9th Cir. 1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Moreover, the exercise of personal jurisdiction over Defendants Apex Stores, LLC and Apex, LLC would not be reasonable in this case. *See e.g. Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-73 (1985)*; Haisten v. Grass Valley Medical Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986); *Hilsenrath v. Equity Trust (Jersey) Ltd.*, 2008 WL 728902 at *3 (N.D. Cal., Mar. 17, 2008). Therefore, the Court must, and hereby does, further and additionally dismiss Plaintiff 24 Hour Fitness' First Amended Complaint as against Defendants Apex Stores, LLC and Apex, LLC pursuant to Fed. R. Civ. P. 12(b)(2).

**IT IS SO ORDERED.**

Dated:  9/4/08

_/s/ Saundra B. Armstrong_
Honorable Saundra Brown Armstrong
United States District Judge